Dear Representative Goode:
This official opinion is issued in response to your request for rulings on the following questions:
 1. By what authority did the Department of Mental Health create the `Patient's Trust Fund'?
 2. Does the Department of Mental Health have authority to expend funds from the `Patient's Trust Fund'?
 3. If the fund is lawfully created, may the Department of Mental Health administer the `Patient's Trust Fund' without the approval or supervision of any other state agency?
You have stated the following facts which give rise to your question:
 The Department of Mental Health has created a `Patient's Trust Fund'. The State Auditor has described the `Patient's Trust Fund' as:
 A fund for the deposit and safekeeping of individual patient's monies. Receipts include third-party payments, such as Social Security and Veterans Administration benefits, and medical insurance claim payments and disbursements are primarily withdrawals by patients. The agency, as guardian for certain financially irresponsible patients, receives monies and makes disbursements on these patients' behalf for board and care, clothing, furniture, personal appliances, and other items.
 The General Assembly has made no appropriation to this trust fund.
 The Department of Mental Health is part of the executive branch of state government. Monies are withdrawn from this fund without the approval or involvement of any other department or agency.
In C.C.S.H.B. 1724, Sections 630.305 through 630.315, 80th General Assembly, the residential facilities of the Department of Mental Health are given the authority under certain procedures to manage their patients' or residents' funds. These sections read as follows:
 630.305. 1. For purposes of this section, the term `money' includes any legal tender, note, draft, certificate of deposit, stock, bond, check or credit card.
 2. A department residential facility may require that all money which is on the person of a patient or resident, which comes to a patient or resident, or which the facility receives in place of the patient or resident under a benefit arrangement or otherwise be turned over to the facility for safekeeping. The money shall be accounted for in the name of the patient or resident and recorded periodically in the records of the patient or resident. Upon request, money accounted for in the name of the patient or resident shall be turned over to a legal guardian of the patient or resident, if the guardian has such authority, or to the parent of the patient or resident if the patient or resident is a minor.
 3. A patient or resident of a department facility shall have easy access to the money in his account and may keep and be allowed to spend a reasonable sum for canteen expenses and small purchases. He may spend or otherwise use the money as he chooses, except as provided in subsection 4 of this section. With the approval of the department, the facility shall establish written policies and procedures giving patients and residents easy access to the money in their accounts and allowing the money to be spent or otherwise used as the patients or residents choose.
 4. A department facility may deny a patient or resident the access to and ability to spend or otherwise use the money in his account if it determines that the denial is essential in order to prevent the patient or resident from significantly dissipating his assets or that reasonable restrictions are necessary to protect the patient, resident or others. The department shall establish policies and procedures governing such determinations, including the evidence necessary to support a denial of the patient's or resident's rights. If a denial is made, the patient or resident may continue to spend or otherwise use the money in ways which would not constitute significant dissipation of the assets and which would sufficiently protect himself or others.
 5. The department facility shall deposit money accounted for in the name of a patient or resident with a financial institution. Any earnings attributable to money in the account of a patient or resident shall be credited to that account. Under sections 110.070 to 110.110, RSMo, the department shall receive bids from banking corporations, associations or trust companies which desire to be selected as depositories of the department for patients' and residents' moneys.
 6. The department shall deliver to the patient or resident, his guardian, if he is incompetent, or his parent, if he is a minor, all money, including any earnings, in the patient's or resident's account upon release from the facility; except that the department may continue to serve as a depositary for the money in the account of a patient or resident who is placed through the department's placement program.
 7. The department shall establish policies and procedures designed to insure that money in the accounts of patients and residents is safeguarded against theft, loss or misappropriation. The department shall guarantee against theft, loss or misappropriation the principal amounts in any patient's or resident's account.
 630.310. A department residential facility may accept funds which a parent, guardian or other person wishes to provide for the use or benefit of a patient or resident of the facility. The possession and use of such funds shall be governed by section 630.305 and by any additional directions given by the provider of the funds.
 630.315. A department residential facility may accept an appointment to serve as representative payee or fiduciary, or in a similar capacity for payments to a patient or resident under a public or private benefit arrangement. Funds so received shall be governed by section 630.305, except to the extent that laws or regulations governing payment of the benefits provide otherwise.
Concerning your first question, the Department of Mental Health has a consolidated bank account as described in the Auditor's report comprised of the individual patient or resident accounts authorized by C.C.S.H.B. 1724, Sections 630.305 through630.315, 80th General Assembly, at the facilities of the Department. The facility's accounts are consolidated to increase the income earned for the patients and residents. The consolidation also facilitates uniform department-wide procedures.
Under Subsection 5 of Section 630.305, supra, the Department of Mental Health shall receive bids from banking corporations, associations or trust companies which desire to be selected as depositories of the patients' and residents' monies. Sections110.070 to 110.110, RSMo, are incorporated to provide a procedure for selecting depositories for these monies which the Department of Mental Health holds in trust for its patients and residents. The procedures are the same as the procedures for other public funds held by state institutions.
Thus, the Department of Mental Health has the authority to create the "patient's trust fund," as described in the Auditor's report under the authority of Section 630.305.
As to your second question, the Department of Mental Health has the authority to spend funds from the "patient's trust fund" on behalf of the patients for whom it serves as representative payee or in other fiduciary capacities. The Department facility could be appointed to serve as representative payee or fiduciary for veterans, railroad retirement, social security, and other benefits. These procedures are authorized by C.C.S.H.B. 1724, Section 630.315, 80th General Assembly.
Furthermore, the Department of Mental Health facility may be named as trustee by a member of a family who has made a payment or gift of money for the benefit of a patient or resident. These arrangements are authorized by C.C.S.H.B. 1724, Section630.310, 80th General Assembly.
Under Subsection 3 of Section 630.305, patients or residents of facilities of the Department of Mental Health shall have easy access to money in their accounts to spend or otherwise use the money as they choose. The facilities may deny patients or residents the access to their accounts if any facility determines that such a denial is essential to prevent any patient or resident from significantly dissipating his assets or to reasonably restrict the account to protect the patient, resident or others. Subsection 4 of Section 630.305.
Under the authority granted to it in Sections 630.305
through 630.315, the Department of Mental Health may administer the "patient's trust fund" without the approval or supervision of any other state agency because no provision is made for such other approval or supervision. Of course, the administration of the accounts would be subject to audit by the State Auditor under Chapter 29, RSMo.
CONCLUSION
Therefore, it is the opinion of this office that the Department of Mental Health has the authority to create the "patient's trust fund" by C.C.S.H.B. 1724, Sections 630.305 through 630.315, 80th General Assembly. The Department of Mental Health has the authority to expend funds from the "patient's trust fund" eitherto provide patients or residents "easy access" to their funds orto spend the funds as representative payee or other fiduciary under public or private benefit arrangements. The Department of Mental Health has the authority under Sections 630.305 through630.315 to administer the "patient's trust fund" without the approval or supervision of any other state agency.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Reginald H. Turnbull.
Very truly yours,
 JOHN ASHCROFT Attorney General